UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
ASHLAND DIVISION

CIVIL ACTION NO. 05-CV-231-HRW

NORBERT STEVEN WILCOX                                                                PLAINTIFF

VS:            **MEMORANDUM OPINION AND ORDER**

R. SMITH, ET AL.                                                                         DEFENDANTS

\*\*\*\*\*  \*\*\*\*\*  \*\*\*\*\*  \*\*\*\*\*  \*\*\*\*\*

Plaintiff Norbert Steven Wilcox ("Wilcox"), an individual presently confined at the Eastern Kentucky Correctional Complex ("E.K.C.C.") in West Liberty, Kentucky, filed a *pro se* civil rights complaint pursuant to 42 U.S.C. §1983 [Record No. 1]. Wilcox has not paid the civil filing fee but has instead filed a motion to proceed *in forma pauperis* [Record No. 2].

In his complaint, Wilcox alleges that on May 12, 2005 he and another inmate had left the mess hall around noon to return to their cells but were unable to go back inside their cells, as they are required to do, because the cell doors were locked. E.K.C.C. officers charged Wilcox and the other inmate with loitering, a category 4-7 violation. Wilcox was found guilty of the offense and was therefore placed in segregation for a period of 45 days. Wilcox asserts that his conviction and punishment violated his rights under the Fourth, Sixth, Ninth, and Fourteenth Amendments to the Constitution of the United States. He requests damages and a mandatory injunction directing that his conviction and punishment be reversed.

**DISCUSSION**

In addition to the present case, Wilcox has filed a habeas corpus petition pursuant to 28 U.S.C. §2254 arising out of the same facts. *Norbert Steven Wilcox v. John Motley*, Civil Action No. 05-CV-230-HRW. Wilcox is no stranger to the Court: in the preceding twelve months Wilcox has

also filed six *pro se*, *in forma pauperis* civil rights actions and two habeas corpus petitions, all arising out of various disciplinary proceedings against him during his incarceration:

    1.  On March 25, 2005, Wilcox sued several officers at the Northpoint Training Center in Burgin, Kentucky pursuant to 42 U.S.C. §1983 challenging disciplinary action against him arising out of an altercation between himself and several officers. The complaint was dismissed upon initial screening for failure to state a claim, a determination upheld on appeal by the United States Court of Appeals for the Sixth Circuit. *Norbert Steven Wilcox v. David Mudd, et al.*, Civil Action No. 05-CV-106-JMH [Record Nos. 8, 11, and 12 therein].

    2.  Wilcox also raised the same factual issues in a habeas corpus petition pursuant to 28 U.S.C. §2254 in *Norbert Steven Wilcox v. James L. Morgan*, Civil Action No. 05-CV-111-KSF, which remains pending before this Court.

    3.  The same day, Wilcox filed another civil rights complaint pursuant to 42 U.S.C. §1983 asserting that the defendant, an officer at the Northpoint Training Center, discriminated against him during an incident at the facility in violation of his civil rights. The complaint was dismissed upon initial screening for failure to state a claim as the statute of limitations had expired, and in the alternative for failure to exhaust administrative remedies. The dismissal was upheld on appeal by the United States Court of Appeals for the Sixth Circuit. *Norbert Steven Wilcox v. Connie Burton*, Civil Action No. 05-CV-107-JMH [Record Nos. 3, 11, and 12 therein].

    4.  Ten days later on April 4, 2005, Wilcox raised the same factual issues in a habeas corpus petition filed pursuant to 28 U.S.C. §2254 in *Norbert Steven Wilcox v. James L. Morgan*, Civil Action No. 05-CV-126-KSF, which remains pending before this Court.

    5.  On March 31, 2005, Wilcox filed his third civil rights complaint pursuant to 42 U.S.C. §1983, asserting that another officer at the Northpoint Training Center violated his constitutional rights by terminating him as a "gym helper" at the facility in 2004. The complaint was dismissed upon initial screening for failure to exhaust administrative remedies. The United States Court of Appeals for the Sixth Circuit upheld the dismissal on appeal as the complaint failed to state a claim upon which relief could be granted. *Norbert Steven Wilcox v. Travis Bowen*, Civil Action No. 05-CV-120-JMH [Record Nos. 8, 16, and 17 therein].

    6.  Four days later on April 4, 2005, Wilcox filed his fourth civil rights complaint pursuant to 42 U.S.C. §1983. The facts alleged in his complaint appear to arise out of the same altercation that gave rise to Wilcox's first complaint, *Norbert Steven Wilcox v. David Mudd, et al.*, Civil Action No. 05-CV-106-JMH. The Court dismissed the complaint upon initial screening for failure to exhaust administrative remedies, and the Sixth Circuit upheld the dismissal on appeal. *Norbert Steven Wilcox v. Walter Gribbins*, Civil Action No. 05-CV-125-JBC [Record Nos. 3, 11,

and 12 therein].

7. On October 31, 2005, Wilcox filed his fifth civil rights complaint pursuant to 42 U.S.C. §1983, asserting that an officer at E.K.C.C. injured him in an altercation in his cell. After Wilcox failed to respond to a Deficiency Order entered by the Court, his complaint was dismissed for failure to prosecute. *Norbert Steven Wilcox v. Jimmy L. Hill*, Civil Action No. 05-CV-203-HRW [Record Nos. 1, 2, and 3 therein].

8. The same day, Wilcox filed his sixth civil rights action pursuant to 42 U.S.C. §1983 asserting that the defendants violated his civil rights by causing him to be charged with a category 4-7 infraction for failing to lock down and a category 4-8 infraction for demonstration. After Wilcox again failed to respond to a Deficiency Order entered by the Court, his complaint was dismissed for failure to prosecute. *Norbert Steven Wilcox v. Ralph Smith and William Manning*, Civil Action No. 05-CV-208-HRW [Record Nos. 1, 6, and 8 therein].

With respect to Wilcox's motion to proceed *in forma pauperis*, Congress has provided in the applicable statute that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. §1915(g). The foregoing listing of his cases demonstrates that, while incarcerated, Wilcox has filed at least three prior civil cases which were dismissed as frivolous or for failure to state a claim. Pursuant to 28 U.S.C. §1915(g), his right to proceed *in forma pauperis* is suspended unless the prisoner "is under imminent danger of serious physical injury." In the present case, Wilcox has not alleged any imminent danger to his health or life, nor would the facts described in his complaint permit such an assertion. Accordingly, Wilcox's complaint must be dismissed without prejudice under 28 U.S.C. §1915(g).

In light of the foregoing, **IT IS HEREBY ORDERED** as follows:

1. The instant action is **DISMISSED**, *sua sponte*, without prejudice.

2. Plaintiff's motion to proceed *in forma pauperis* [Record No. 2] is **DENIED**.

3. Plaintiff's motion for summary judgment [Record No. 3] is **DENIED AS MOOT**.

4. This is a **FINAL** and **APPEALABLE** order.

5. The Court certifies that any appeal would not be taken in good faith. 28 U.S.C. §1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d at 610-11; *Kincade v. Sparkman*, 117 F.3d 949 (6th Cir. 1997).

6. This matter (05-231-HRW) is **STRICKEN** from the active docket of the Court This April 5, 2006.

Signed By:
Henry R Wilhoit Jr.
United States District Judge